UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID MOORE,

       Petitioner,

  -against-

MARC BRADT,

       Respondent.
------------------------------------------------------------x

MEMORANDUM AND ORDER

09-CV-2167 (ENV)

VITALIANO, D.J.

  *Pro se* petitioner David Moore seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 28, 2009, the Court granted petitioner *in forma pauperis* status. See Docket Entry No. 2. By letter dated August 6, 2009, Moore requests that the Court appoint counsel to represent him on the petition because he "cannot exercise due diligence to win as a lawyer." Docket Entry No. 3. For the following reasons, Moore's motion is denied.

  Unlike in criminal cases, there is no constitutional right to appointed counsel in a habeas corpus proceeding. See Wright v. West, 505 U.S. 277, 293 (1992).[1] However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." Likewise, under 18 U.S.C. § 3006A, a court may appoint counsel where it "determines that the interests of justice so require." Courts possess broad discretion when determining whether appointment of counsel for civil litigants is appropriate, "subject to the requirement that it be guided by sound legal principle." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). Moreover,

---

[1] The Court notes, however, that, pursuant to Rule 8(c) of the Rules Governing § 2254 Cases in the United States District Courts, counsel will be appointed in the event that an evidentiary hearing is needed.

because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause," courts must carefully consider on a case-by-case basis whether a request for counsel is warranted. Cooper, 877 F.2d at 172.

Accordingly, when determining whether to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry for a court is whether there is likely to be merit to the petitioner's position. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (district court should "first determine whether the indigent's position seems likely to be of substance"); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (holding that "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor"). Only if this threshold requirement of substance is met should the court consider the following secondary factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. The same standards apply in determining whether, in the interest of justice, to appoint counsel for a petitioner in a habeas proceeding. See, e.g., Zimmerman v. Burge, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing Cooper, 877 F.2d at 172); Cary v. Ricks, No. 00-CV-8926, 2001 WL 314654, at *4 (S.D.N.Y. Mar. 30, 2001).

Upon a preliminary review of the petition and the written submissions made to date, the Court finds that Moore has not satisfied the threshold requirement that his case is likely to be of merit. Moreover, even if this threshold were met, there is no evidence that Moore lacks the ability to present the facts of his case or that this matter involves any particularly complex or novel legal issues. Finally, Moore also has not offered any special reason why appointment of

2

counsel in this case would be more likely to lead to a just determination. Under these circumstances, the Court finds that the interests of justice do not necessitate appointment of counsel to represent Moore in this case at this time. Accordingly, his motion is denied without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
August 19, 2009

ERIC N. VITALIANO
United States District Judge