UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID MOORE,

                      Petitioner,

      -against-

MARC BRADT,

                      Respondent.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-2167-ENV

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ JAN 27 2010
P.M.
TIME A.M. _____

VITALIANO, D.J.

*Pro se* petitioner David Moore seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Moore filed his petition on May 13, 2009, claiming that his conviction in Supreme Court, Queens County, for attempted burglary in the second degree, N.Y. Penal Law §§ 110 & 140.25[2], and three related charges, should be vacated due to the introduction at trial of evidence of a violent burglary that petitioner committed 16 years earlier. Moore claims that the trial court allowed the prosecution to "conduct a virtual mini-trial" about the prior crime that was unduly prejudicial and affected the outcome of the proceedings. (Docket #1, at 7.) Moore now moves to stay and hold in abeyance his petition on the grounds that his "claim of prejudiced [sic] of the use of bad acts" (Docket #9, at 2) has not yet been exhausted in the state courts.

The record, however, reflects that Moore's claim has been fully exhausted in state proceedings. On direct appeal of his conviction to the Appellate Division, Second Department, Moore specifically argued that he was denied due process because the trial court erroneously admitted evidence of his prior burglary. The Second Department denied Moore's appeal, determining that the trial court "properly admitted evidence that the defendant was convicted of a

burglary prior to the attempted burglary charged in the instant case and that he employed a similar *modus operandi* in each case." People v. Moore, 50 A.D.3d 926, 927, 854 N.Y.S.2d 782, 783 (2nd Dep't 2008). The court also found that the "defendant's challenge to the probative value of the Molineaux evidence is without merit." Id. On June 3, 2008, Moore sought leave to appeal to the New York Court of Appeals, raising the same grounds – the Molineaux issue – but leave was denied on June 19, 2008. People v. Moore, 10 N.Y.3d 937, 862 N.Y.S.2d 344, 892 N.E.2d 410 (2008).

Moore cannot pursue the claim through any collateral attack in the state courts. Pursuant to N.Y. Crim. Proc. Law § 440.10(2)(a), a criminal defendant may not succeed on a § 440 motion to vacate a conviction where "[t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue." Here, the language quoted above leaves no doubt that the Appellate Division denied Moore's appeal on the merits. Moore has not cited any change in the law that would bear on his Molineaux claims. As a result, any attempt to collaterally attack his conviction in state court would be plainly futile and meritless, and cannot serve as a basis for a stay of *habeas* proceedings.[1] See Washington v. Ercole, No. 08-CV-4835, 2009 U.S. Dist. LEXIS 50120, at *6-*7 (E.D.N.Y. June 5, 2009).

Accordingly, petitioner's premise that his "Molineaux Application" is unexhausted (Docket

---

[1] The Second Department also found that Moore "failed to preserve for appellate review his contention that the *quantity* of the Molineaux evidence presented to the jury was unduly prejudicial." 50 A.D.3d at 927, 854 N.Y.S.2d at 783 (emphasis added). This alternate finding, however, does not negate the fact that the court also ruled on the merits. Moreover, the court specified that "any error was harmless," which amounts to an adjudication on the merits. See Sims v. Stinson, 101 F.Supp.2d 187, 192-93 (S.D.N.Y. 2000) ("By framing the issue in terms of harmless error, the Appellate Division's decision . . . did not specifically address its constitutional dimension. Nonetheless . . . such a general denial, even absent separate analysis of the federal principles governing the claim, is an 'adjudication on the merits.'"); People v. Reddick, 65 N.Y.2d 835, 836, 493 N.Y.S.2d 124, 125, 482 N.E.2d 920, 921 (1985) ("On the merits, we agree . . . that the evidence of guilt was overwhelming and the errors harmless.").

2

# 9, at 2) is in error, and his motion to stay *habeas* proceedings is denied. Although Moore's *pro se* reply to respondent's opposition is overdue, the Court will permit him to file reply papers no later than February 19, 2010.

SO ORDERED.

Dated: Brooklyn, New York
January 26, 2010

ERIC N. VITALIANO
United States District Judge

3